# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIE BERNARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-120-JWD-EWD** |
| **GENERAL MOTORS, LLC** | |

## ORDER

Before the Court is a Complaint filed by plaintiff Julie Bernard.[1] In the Complaint, Plaintiff asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Complaint contains the following allegations regarding citizenship of the parties:

### I. Parties
1. Plaintiff, **JULIE BERNARD** (hereafter, "Plaintiff"), now and has been at all times material hereto a resident of the State of Louisiana.
2. Defendant, **GENERAL MOTORS, LLC,** (hereafter, "GM"), is a limited liability company organized under the laws of the State of Delaware whose Principal Business Office is located in the State of Michigan and whose agent for service of process in the State of Louisiana is Corporate Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has not been adequately alleged. With respect to Plaintiff, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to General Motors, LLC, the Fifth Circuit has held

---
[1] R. Doc. 1.
[2] *Id.* at ¶ 3.
[3] *Id.* at ¶¶ 1 and 2.

that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a comprehensive amended Complaint (*i.e.*, it may not refer back to or rely on any previous pleading) properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**